**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DANIEL S. FLETCHER,                                  CASE NO.:

      Plaintiff,

vs.

WELLS FARGO BANK, N.A.,                              DEMAND FOR JURY TRIAL

      Defendant.

_____/

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, DANIEL S. FLETCHER (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, WELLS FARGO BANK, N.A., (hereafter "Defendant"), and states as follows:

## PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

## GENERAL ALLEGATIONS

1.  Plaintiff is an individual residing in Pinellas County, Florida.

2.  This is an action for damages greater than $15,000.00.

3.  Defendant is a "person" subject to regulations under 47 U.S.C. § 227(b)(1).

## FACTUAL ALLEGATIONS

4.  It is alleged by Defendant that Plaintiff owes a debt to Defendant relating to a Wells Fargo Home Mortgage, Account Nos. ending in - 6016 and -0001.

5.  Plaintiff revoked any prior express consent to contact Plaintiff via cell phone or any other form of communication on February 16, 2012 at 8:52 A.M., through a facsimile

transmission to Defendant's facsimile no. 866-969-0103.  A copy of the facsimile confirmation is attached hereto as Exhibit "A."

6.      In addition to the request not to be contacted by Defendant, Plaintiff's facsimile transmission directed Defendant to contact Plaintiff's attorney and included the name of the law firm representing Plaintiff and the contact information for the law firm.

7.      Plaintiff's cellular telephone number ends in -9333.

8.      Defendant knowingly or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted, if any.

9.      Defendant knowingly or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice that Plaintiff was represented by an attorney and could readily ascertain the Firm's contact information.

10.     Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls to Plaintiff's cellular telephone on the following dates and times listed on the call logs of Plaintiff attached as Exhibit "B."

11.     Defendant placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

12.     Defendant left messages on Plaintiff's cellular telephone that started with a delay in time before the representative joined the line to leave a message.

13.     Some of the voicemail messages received by Plaintiff on his cellular telephone from Defendant were an artificial or pre-recorded voice requesting a return call from Plaintiff.

14.     Plaintiff's attorney did not fail to respond within a reasonable period of time to any communication from Defendant, did not consent to Defendant's direct communication with Plaintiff, and Plaintiff did not initiate any communications.

15.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

16.     None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

17.     All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

18.     Plaintiff incorporates all allegations in paragraphs 1-17 as if stated fully herein.

19.     Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

20.     Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

21.     Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

22.     The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff, DANIEL S. FLETCHER, demands judgment against Defendant, WELLS FARGO BANK, N.A., for the following relief:

3

a.      statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after February 16, 2012 at 8:52 A.M.;

b.      an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

c.      any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

## VERIFICATION

Under penalty of perjury, I have read the foregoing and it is true and correct.

_____
DANIEL S. FLETCHER

STATE OF FLORIDA
COUNTY OF Pinellas

The foregoing instrument was subscribed, acknowledged, sworn to and affirmed before me this 26 day of May, 2016, by DANIEL S. FLETCHER, who is personally known to me or who produced _____ as identification and who did take an oath.

My Commission Expires

ANGELA D. MCKNIGHT
Commission # EE 857953
Expires January 24, 2017
Bonded Thru Troy Fain Insurance 800-385-7019

Name: Angela D McKnight
Notary Public, State of Florida

Dated this 26 day of May , 2016.

**BOSS LAW**

/s/ Christopher W. Boss
**Christopher W. Boss, Esq.**
Fla. Bar No.: 13183
Service Email: cpservice@protectyourfuture.com
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax:    (888) 503-2182
**Attorney for Plaintiff**